# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LUIS ALBERTO ALARCON NAVA,<br>Petitioner,<br>v.<br>JENA JONE, et al.,<br>Respondents. | Case No. 1:26-cv-07812-JLT-SAB-HC<br><br>FINDINGS AND RECOMMENDATION RECOMMENDING DISMISSAL OF PETITION FOR WRIT OF HABEAS CORPUS |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

**I.**

**DISCUSSION**

Rule 4 of the Rules Governing Section 2254 Cases ("Habeas Rules") requires preliminary review of a habeas petition and allows a district court to dismiss a petition before the respondent is ordered to file a response, if it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Rule 4, Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. § 2254.

**A. Successive Petition**

A federal court must dismiss a second or successive petition that raises the same grounds as a prior petition. 28 U.S.C. § 2244(b)(1). The court must also dismiss a second or successive

petition raising a new ground unless the petitioner can show that (1) the claim rests on a new, retroactive, constitutional right or (2) the factual basis of the claim was not previously discoverable through due diligence, and these new facts establish by clear and convincing evidence that but for the constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense. 28 U.S.C. § 2244(b)(2)(A)–(B).

However, it is not the district court that decides whether a second or successive petition meets these requirements. Section 2244(b)(3)(A) provides: "Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." In other words, Petitioner must obtain leave from the Ninth Circuit before he can file a second or successive petition in the district court. See Felker v. Turpin, 518 U.S. 651, 656–57 (1996). This Court must dismiss any second or successive petition unless the Court of Appeals has given Petitioner leave to file the petition because a district court lacks subject-matter jurisdiction over a second or successive petition. Burton v. Stewart, 549 U.S. 147, 157 (2007).

To the extent Petitioner challenges his 2012 Kern County Superior Court convictions and sentence, Petitioner previously sought federal habeas relief in this Court with respect to the 2012 Kern County Superior Court judgment. See Nava v. Becerra, No. 1:20-cv-01378-AWI-HBK (dismissed as untimely).[1] Accordingly, the Court finds that the instant petition is "second or successive" under § 2244(b). See McNabb v. Yates, 576 F.3d 1028, 1030 (9th Cir. 2009) (holding "dismissal of a first habeas petition for untimeliness presents a 'permanent and incurable' bar to federal review of the underlying claims," and thus renders subsequent petitions "second or successive"). Petitioner makes no showing that he has obtained prior leave from the Ninth Circuit to file this petition. As Petitioner has not obtained prior leave from the Ninth Circuit to file this successive petition, this Court has no jurisdiction to consider Petitioner's renewed application for relief under 28 U.S.C. § 2254 and must dismiss the petition. See Burton, 549 U.S. at 157.

[1] The Court may take judicial notice of its own records in other cases. United States v. Wilson, 631 F.2d 118, 119 (9th Cir. 1980).

**B. Racial Justice Act Claim**

By statute, federal courts "shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). "[T]he second use of 'in custody' in the statute requires literally that the person applying for the writ is contending that he is 'in custody' in violation of *the Constitution or other federal laws*." Bailey v. Hill, 599 F.3d 976, 979 (9th Cir. 2010) (emphasis added). See Dickerson v. United States, 530 U.S. 428, 439 n.3 (2000).

To the extent Petitioner asserts that he is entitled to relief pursuant to the Racial Justice Act, that is an issue of state law and errors of state law generally do not warrant federal habeas corpus relief. See Wilson v. Corcoran, 562 U.S. 1, 5 (2010) (per curiam) ("[I]t is only noncompliance with federal law that renders a State's criminal judgment susceptible to collateral attack in the federal courts."); Estelle v. McGuire, 502 U.S. 62, 67–68 (1991) ("We have stated many times that 'federal habeas corpus relief does not lie for errors of state law.' Today, we reemphasize that it is not the province of a federal habeas court to reexamine state-court determinations on state-law questions." (citations omitted)). "[M]ultiple federal district courts in California have held that CRJA [California Racial Justice Act] claims are not cognizable on federal habeas review." Borden v. Borla, No. 2:26-CV-2031 TLN CSK P, 2026 WL 2392030, at *4 (E.D. Cal. Aug. 17, 2026) (collecting cases).

To the extent Petitioner seeks federal habeas relief based on ineffective assistance of counsel with respect to the litigation of the Racial Justice Act claim, the Court finds that such a claim is not cognizable because "[t]here is no constitutional right to an attorney in state post-conviction proceedings. Consequently, a petitioner cannot claim constitutionally ineffective assistance of counsel in such proceedings." Coleman v. Thompson, 501 U.S. 722, 752 (1991) (citations omitted). See 28 U.S.C. § 2254(i) ("The ineffectiveness or incompetence of counsel during Federal or State collateral post-conviction proceedings shall not be a ground for relief in a proceeding arising under section 2254."); Nguyen v. Acevedo, No. 2:23-cv-01086-DAD-JDP, 2024 WL 4564248, at *2 (E.D. Cal. Oct. 24, 2024) ("district courts in this circuit have routinely

found that there is no federal constitutional right to counsel in resentencing proceedings"); Williams v. Martinez, No. 2:22-cv-1593-DAD-KJN, 2023 WL 4748560, at *6 (E.D. Cal. July 25, 2023) ("Resentencing proceedings under California Penal Code § 1170.95 are the type of postconviction proceedings in which there is no federal constitutional right to counsel."), report and recommendation adopted, 2023 WL 8097024 (E.D. Cal. Nov. 21, 2023).

## II.

## RECOMMENDATION

Based on the foregoing, the Court HEREBY RECOMMENDS that the petition for writ of habeas corpus be DISMISSED as successive and for failure to state a cognizable federal habeas claim.

This Findings and Recommendation is submitted to the assigned United States District Court Judge, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within **THIRTY (30) days** after service of the Findings and Recommendation, Petitioner may file written objections with the Court, **limited to fifteen (15) pages in length, including any exhibits**. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." The assigned United States District Court Judge will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **November 6, 2026**

STANLEY A. BOONE
United States Magistrate Judge